# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEITH EGGUM,

        Petitioner,

v.

RANDY HEPP,

        Respondent.

Case No. 23-CV-632-JPS

**ORDER**

    Petitioner Keith Eggum filed an unsigned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, along with an incomplete motion for leave to proceed without prepayment of the filing fee, ECF No. 2. On May 19, 2023, the Clerk of Court sent Petitioner a letter requesting that Petitioner file a complete request to proceed without prepayment of the filing fee, a certified trust fund account statement for the previous six months, and a signature page for his habeas petition. On June 1, 2023, Petitioner filed a motion for leave to proceed without prepayment of the filing fee, ECF No. 5, as well as his prison trust account statement for the six-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2), ECF No. 6.

    On June 6, 2023, the Court denied Petitioner's motion to proceed without prepayment of the filing fee, ordered him to file a signature page to his petition, and ordered him to pay the filing fee on or before July 6, 2023. ECF No. 9. The Court warned him that the failure to pay the filing fee would result in the dismissal of the petition. *Id.* Petitioner did not pay the filing fee, and, on July 24, 2023, the Court dismissed the petition without prejudice based on his failure to prosecute and entered judgment

accordingly. ECF Nos. 10, 11. On July 31, 2023, Petitioner filed a motion for reconsideration of the dismissal. ECF No. 12.

Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Petitioner's motion for reconsideration does not meet the high burden necessary to succeed. Petitioner disputes whether he submitted a signature page. He does not, however, address or even mention the fact that he failed to timely pay the filing fee or otherwise respond. Petitioner has

Page 2 of 3
Case 2:23-cv-00632-JPS   Filed 09/12/23   Page 2 of 3   Document 13

not identified a manifest error of law or presented newly evidence, and, as such, the Court is obliged to deny his motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration, ECF No. 12, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge